**Bernice L. LANG, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

**No. 80–0462–CV–W–5.**

United States District Court,
W. D. Missouri, W. D.

Nov. 12, 1980.

Maureen Scully, Sharp & Scully, Kansas City, Mo., for plaintiff.

Ronald S. Reed, Jr., Judith M. Strong, Asst. U. S. Attys., Kansas City, Mo., for defendant.

### MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

This is a proceeding under Title II of the Social Security Act as amended, 42 U.S.C. § 401 *et seq.* Section 405(g) provides for judicial review of a final decision of the Secretary of Health and Human Services.

On January 23, 1978, plaintiff filed her application for insurance benefits pursuant to Section 402(e) and Section 423, based on the wage record of her husband who died on August 12, 1977. The application received consideration and reconsideration by the Social Security Administration, and the claim was denied.

On May 8, 1979, at plaintiff's request, a hearing was held, at which she and her son appeared and testified. Plaintiff was represented by counsel at the hearing. The Administrative Law Judge, William W. Cochrane, rendered a decision on October 15, 1979, holding that plaintiff was not disabled within the meaning of the Act. On March 10, 1980, the Appeals Council affirmed the decision of the Administrative Law Judge, and it became the final decision of the Secretary.

After reviewing the record, the Court finds that there is not substantial evidence to support the findings of the Secretary, and plaintiff's case will be remanded to the Secretary for additional medical evidence.

In order to qualify for widow's benefits, plaintiff must meet the strict requirements of the statute and regulations. 42 U.S.C. § 423(d)(2)(B). The regulations provide that a widow has the burden of proving that her physical and mental impairments are of a level of severity deemed to be sufficient to preclude an individual from engaging in any substantial gainful activity.

A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In order to qualify for widow's benefits, a widow must prove that she is unable to engage in any substantial gainful activity and that her impairment results in death or will last at least twelve months and the impairment is one that is listed in Subpart P, Appendix 1 of the regulations or is determined by the Secretary to be the medical equivalent of a listed impairment. *See* 20 C.F.R. §§ 404.1515, 404.1501. Under Section 404.1516 of the regulations, medical equivalence must be demonstrated by acceptable clinical and laboratory evidence, including an opinion furnished by a physician designated by the Secretary.

There is insufficient evidence to support the findings of the Secretary that the plaintiff is not disabled within the meaning of the Act. Plaintiff's list of impairments include osteoarthritis, rheumatoid arthritis, status post radical mastectomy for carcinoma of the left breast, angina pectoris, hypertension, anemia hypothyroidism, reduced hearing, chronic obstructive pulmonary disease, and pyelonephritis. There is both medical and lay evidence to support the existence of each of these impairments.

The Administrative Law Judge based his findings, in part, on a report of a nonexamining physician who determined that none of plaintiff's impairments met the degree of severity required in the regulations. There are two reasons why this report does not constitute substantial evidence.

First, the physician designated by the Secretary did not examine the plaintiff and failed to thoroughly analyze the combined

effects of plaintiff's impairments. Second, this physician's report was based on inadequate medical evidence because the Administration failed to order the appropriate type of exercise tolerance test as required by the regulations. There is no indication that the physician designated by the Secretary ever examined the plaintiff prior to his report. (Exhibit No. 6) The Eighth Circuit has repeatedly held that while opinions by nonexamining physicians may constitute substantial evidence for consideration, they deserve little weight in the overall evaluation of disability. *Bailey v. Califano*, 614 F.2d 146 (8th Cir. 1980); *Veal v. Califano*, 610 F.2d 495 (8th Cir. 1979). On the basis of previous medical reports, this physician concluded that the plaintiff's impairments did not meet or equal the level of severity prescribed in the listing of impairments in Subpart P, Appendix 1 of the regulations. This physician failed to give proper consideration to the combined effects of plaintiff's impairments, and, because he did not examine her, he was not in a position to do so.

The Social Security Administration has determined that the impairments listed and the degree of severity required for each impairment would preclude someone from engaging in substantial gainful employment. 20 C.F.C. § 404.1517(a)(1). The regulations provide that the combined effects of a claimant's impairments may be sufficient to meet the requirements of the Act if they are determined by the Secretary to be medically the equivalent of a listed impairment. 20 C.F.R. § 404.1515(b). Specific guidelines for a determination of medical equivalence have not been established, but at a minimum, such a determination should require a finding that the claimant cannot engage in any substantial gainful employment because of the combined effects of his impairments. Conversely, if a claimant can prove that the combined effects of his impairments preclude him from engaging in substantial gainful employment, he has met the medical equivalency requirement. *See Bailey v. Califano, supra*, 614 F.2d at 148.

Under this standard, it is necessary to determine whether plaintiff has proved she cannot engage in any substantial gainful employment. Plaintiff's most serious impairments include a radical mastectomy of the left breast, angina pectoris, and arthritis. Angina pectoris is a medical term which describes heart disease characterized by shortness of breath and chest pain. The evidence shows that after any amount of exertion on the plaintiff's part she experiences these symptoms. She is unable to engage in any activity which requires physical exertion. When the physicians performed the radical mastectomy on plaintiff's left breast, it was necessary to remove all the pectoral muscles under her left arm. This has resulted in extremely limited use of her left arm. This impairment combined with the effects of her arthritis in her hands and arms severely limit her hand and arm movements. She also complains of knee and hip pain, which limits the amount of sitting and walking she is capable of doing. There is both medical and lay evidence to support these complaints. In light of these impairments, the Court has difficulty believing that the Administrative Law Judge or the physician designated by the Secretary made a realistic assessment of the combined effects of plaintiff's impairments. If the combined effects of her impairments preclude her from engaging in substantial employment, they must meet the medical equivalency requirement under the regulations. Upon remand, the physician designated by the Secretary should make a thorough and realistic analysis of the combined effects of plaintiff's impairments to determine whether the plaintiff can, in fact—not just in theory, engage in substantial gainful employment.

Additional medical evidence should also be obtained concerning plaintiff's angina pectoris, which is listed in the regulations as ischemic heart disease under Section 4.00D. This section provides that two conditions must be met before claimant is considered to have this impairment. First, the description of the pain must contain the clinical characteristics as discussed under Section 4.00E. Second, the clinical impression of chest pain of cardiac origin must be sup-

ported by objective evidence as described under Sections 4.00F, G, or H. Plaintiff's medical records clearly show that the first requirement is met. However, there is no evidence in the record to show whether the second requirement is also met.

The Administrative Law Judge discounted the medical diagnosis of angina pectoris because he found that electrocardiographic studies, including an exercise tolerance test, failed to show a severe heart or hypertensive condition. However, the exercise tolerance test used in plaintiff's case is not one that is favored by the medical profession because of its very low success rate in accurately diagnosing heart disease. Furthermore, it is not the exercise test recommended in the regulations. Section 4.00G(2) requires that when an exercise test is purchased, it should be a treadmill type using a continuous progressive multistage regimen (as typified by the Bruce protocol). Section 4.00G(1) states that it is appropriate to purchase exercise tests when the claim involves chest pain which is considered to be of cardiac origin but without corroborating ECG or other evidence of ischemic heart disease. On the basis of this record, the Court finds that an appropriate type of exercise test should have been ordered by the Administration. Because the exercise test which was administered is of little value in accurately diagnosing heart disease, the medical reports do not constitute substantial evidence, and the cause must be remanded to the Secretary for further evaluation and for additional medical evidence.

Accordingly, it is hereby

ORDERED that this cause is remanded to the Secretary for further findings in accordance with this opinion.